

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY MCCRAY, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | 3:04-CV-0713-P |
| v. | § | |
| | § | |
| DOLGENCORP OF TEXAS, INC. D/B/A | § | |
| DOLLAR GENERAL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant Dolgencorp of Texas, Inc.'s Motion to Dismiss Plaintiff's Claims on the Basis of Judicial Estoppel, and Alternatively, for Lack of Standing ("Motion to Dismiss"), filed on December 22, 2004.[1] After reviewing the parties' arguments, the pleadings, matters of public record,[2] and the applicable law, the Court GRANTS Defendant's Motion to Dismiss.

**I.     Background**

In April 2002, Plaintiff Ricky McCray ("McCray") was terminated by Defendant Dolgencorp of Texas, Inc. d/b/a Dollar General ("Dollar General"). (*See* Compl. at 6.) Approximately five months later, in September 2002, McCray filed an Intake Questionnaire with the Equal Employment

---

[1] Plaintiff filed his Response on January 11, 2005, and Defendant filed its Reply on January 24, 2005.

[2] Although courts are generally confined to the pleadings in determining a motion to dismiss, a court may also consider documents in the public record. *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995). In particular, EEOC documents may be considered as matters of public record. *See Marks v. Prattco, Inc.*, 607 F.2d 1153, 1156 (5th Cir. 1979). Additionally, bankruptcy filings may be considered as part of the public record. *See In re Network Staffing Services, Inc.*, No. 02-35608-SAF-11 04-3388, 2004 WL 3007082, at *3 (N.D. Tex. Oct. 22, 2004).

Opportunity Commission ("EEOC"). (Pl.'s App. at 33-34.) In the questionnaire, McCray claimed to have suffered discrimination, harassment, and retaliation at Dollar General because of his age and race. *Id.*

Meanwhile, in August of 2003, McCray filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Colorado. (Pl.'s App. at 1-3.) As part of the bankruptcy proceedings, McCray filed several schedules and a Statement of Financial Affairs with the bankruptcy court. *Id.* at 4-31. The Statement of Financial Affairs required him to "[l]ist all suits and administrative proceedings to which [he was] a party within one year immediately preceding the filing of [his] bankruptcy case." *Id.* at 5. McCray indicated "none." *Id.* In another one of his bankruptcy filings, Schedule B, McCray was required to list "[o]ther contingent and unliquidated claims of every nature." *Id.* at 17. Again, McCray indicated "none." *Id.* Based on McCray's representations, the bankruptcy court issued him a "no asset" discharge in December 2003. (Def.'s App. at 56-57.)

In April 2004, McCray initiated the present lawsuit, making claims for race discrimination in violation of Title VII and 42 U.S.C. § 1981; retaliation under the Texas Commission on Human Rights Act ("TCHRA") and the Texas Labor Code; intentional infliction of emotional distress; and negligent supervision. (Compl. at 7-13.) Dollar General now moves to dismiss these claims on the basis of judicial estoppel, and alternatively, for lack of standing.

## II. Discussion

Judicial estoppel is a common law doctrine that "prevents a party from assuming inconsistent positions in litigation." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004). "The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from

playing fast and loose with the courts to suit the exigencies of self interest." *Id.* (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)). In the Fifth Circuit, three requirements are necessary for the application of judicial estoppel: (1) the party's current position must be clearly inconsistent with his previous position; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent. *Id.* at 335. "[D]etrimental reliance by the party opponent is not required." *Id.* at 334.

The Court finds that the circumstances of this case satisfy each requirement necessary for the application of judicial estoppel. First, McCray's position in the bankruptcy court and in the present case are clearly inconsistent. McCray argues that his positions are not inconsistent because in his bankruptcy case he was only asked to list "suits and administrative proceedings," and his claims were not part of a suit or administrative proceeding at the relevant time. (Pl.'s Resp. at 2-3.) However, regardless of what was specifically requested in McCray's bankruptcy schedules or statement, "the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including ***contingent and unliquidated claims***." *Coastal Plains, Inc.*, 179 F.3d at 208 (emphasis original) (citing 11 U.S.C. § 521(1)). Moreover, McCray's Schedule B specifically required that he disclose to the bankruptcy court "contingent and unliquidated claims of every nature." (Pl.'s App. at 17.) McCray represented that he had "none," omitting mention of the claims he now asserts. This omission was "tantamount to a representation that no such claim[s] existed," *see Superior Crewboats*, 374 F.3d at 335, and such inconsistency satisfies the first requirement for the application of judicial estoppel.

Second, the bankruptcy court accepted McCray's position that he had no contingent claims. Acceptance is evident when "the first court has adopted the position urged by the party, either as a

preliminary matter or as part of a final disposition." *Coastal Plains, Inc.*, 179 F.3d at 206 (quoting *Reynolds v. Comm'r of Internal Revenue*, 861 F.2d 469, 473 (6th Cir. 1988)). The issuance of McCray's "no asset" discharge evidences the bankruptcy court's acceptance of his position.

Third and finally, McCray's non-disclosure of his claims against Dollar General was not inadvertent. In a bankruptcy case, a debtor's failure to disclose "contingent and unliquidated claims" is "'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Coastal Plains, Inc.*, 179 F.3d at 210. While McCray was going through bankruptcy, he had both knowledge of his current claims and a motive for concealing them. All of the facts and events upon which McCray bases his claims took place during or prior to April 2002 (*see* Compl. at 2-6.), more than sixteen months before McCray filed for bankruptcy, and McCray's listing of claims in his EEOC Intake Questionnaire shows that he was aware of these claims in September 2002, eleven months before he filed for bankruptcy. (*See* Pl.'s App. at 33-34.) Additionally, McCray had the required motivation to conceal his claims because concealing them would allow him to secure a discharge of his debts while retaining the full benefit of any recovery on his claims.[3]

Having found that the circumstances of this case satisfy the requirements necessary for the application of judicial estoppel, the Court applies judicial estoppel to bar McCray's claims as a matter of law.

---

[3] Dollar General argues that McCray should not be allowed to re-open his bankruptcy case to add his current claims to his bankruptcy schedules. (Def.'s Reply at 5.) The Court does not address this argument because McCray does not request this relief. What McCray actually requests is permission to substitute the bankruptcy trustee as party plaintiff if the Court should find that McCray lacks standing. (Pl.'s Resp. at 4.) Because the Court holds that McCray is judicially estopped from asserting his current claims, however, the Court does not address Dollar General's alternative standing argument, and therefore, the Court does not address McCray's request for permission to substitute.

Page 4 of 5

## III.  Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss.

Plaintiff's Complaint is DISMISSED in its entirety WITH PREJUDICE.

**It is so ordered.**

Signed this 9th day of May 2005.

                                                                 *Jorge A. Solis*
                                                                 JORGE A. SOLIS
                                                                 UNITED STATES DISTRICT JUDGE